TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00503-CV






Richard Johnson, as Independent Executor of the Estate of Terry Johnson, Deceased, and


Nelda Johnson, individually and for the benefit of Richard Johnson, Appellants



v.



Historic Systems, Inc., Appellee






FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY


NO. 66,235B, HONORABLE GUY S. HERMAN, JUDGE PRESIDING 






 Richard Johnson, as Independent Executor of the Estate of Terry Johnson,
Deceased, and Nelda Johnson, individually and for the benefit of Richard Johnson, appeal the
summary judgment rendered against their wrongful death and survival causes of action. They
contend that the motion for summary judgment was not legally sufficient to defeat their cause of
action for negligent hiring of an independent contractor. We conclude instead that the motion
addressed a dispositive issue and will affirm the judgment.


BACKGROUND


 The Johnsons seek compensation for the injuries to and death of their son, Terry
Johnson, in a traffic accident. Terry Johnson was driving on Interstate Highway 35 when a tire
ruptured on a nearby cargo truck carrying bricks. The truck driver lost control and his truck
collided with Terry Johnson's vehicle. Johnson died from injuries he sustained.

 The Johnsons sued several parties and alleged several damage theories. They sued
the truck driver, Mario Rojo; Rojo's employer, Arcon Architectural Construction Products, Inc.;
Thomas Koitzsch, whom the Johnsons contended was doing business "under the assumed name"
of Arcon; D'Hanis Clay Products, Inc., the manufacturer of the bricks loaded onto the truck; and
Historic Systems, Inc., which hired Arcon to transport the bricks from D'Hanis to Austin. All
defendants but Historic settled and the suit against them was dismissed.

 Historic moved for summary judgment on several grounds. After the trial court
granted the motion, the Johnsons formally abandoned all causes of action relating to Historic's
alleged failure to control Arcon and Rojo. They expressly continued to pursue only their
negligent-hiring claim.


DISCUSSION


 We review the summary-judgment record to determine whether the movant
established the absence of a genuine issue of material fact and entitlement to judgment as a matter
of law. See Tex. R. Civ. P. 166a(c); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 678 (Tex. 1979). The grounds for summary judgment must be in the motion itself. 
McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 343 (Tex. 1993). 

 By a single point of error, the Johnsons contend that Historic's grounds for
summary judgment do not address the controlling issues in a negligent-hiring cause of action. The
Johnsons argue that summary judgment was improper if based on Historic's assertions that it had
neither actual nor constructive knowledge of Arcon's lack of skill, knowledge, training,
competence, or equipment. The Johnsons expressly disclaim any challenge to the sufficiency of
the evidence to support the summary judgment.

 Negligent hiring occurs when an employer hires an employee whom the employer
knew or by the exercise of reasonable care should have known was incompetent or unfit, thereby
creating an unreasonable risk of harm to others. LaBella v. Charlie Thomas, Inc., 942 S.W.2d
127, 137 (Tex. App.--Amarillo 1997, no writ); see also Estate of Arrington v. Fields, 578 S.W.2d
173, 178 (Tex. Civ. App.--Tyler 1979, writ ref'd n.r.e.). There must be evidence of
incompetence that the employer failed to discover due to lack of diligence; if there is no evidence
of incompetence to discover, then the lack of diligence could not have caused either the hiring of
an incompetent or the injuries resulting from the incompetent's actions. See Wasson v. Stracener,
786 S.W.2d 414, 422 (Tex. App.--Texarkana 1990, writ denied).

 Historic listed the following eight grounds in its motion for summary judgment:


 A. Mario Rojo was not an employee of Historic Systems;


 B. Mario Rojo was not the borrowed employee of Historic Systems;


 C. Arcon was Historic's independent contractor, and neither Arcon nor Koitzsch
nor Rojo were Historic's agents, because Historic neither had nor retained the right
to control the details and manner by which they carried out the specific tasks of the
hauling contract;


 D. Historic neither had nor retained any right to control the details and manner in
which Rojo carried out his tasks, including the manner in which he conducted the
haul;


 E. Historic neither had nor retained any right of control over any part of the work
done by Rojo concerning how Rojo carried out the hauling contract between his
employer and Movant;


 F. Historic was neither the owner of the vehicle used by Rojo nor entrusted that
vehicle to him; and Historic had neither actual nor constructive knowledge of either
Rojo's competence as a driver or the status of his license;


 G. The summary judgment evidence establishes that no joint venture or joint
enterprise existed between Historic and Arcon; and


 H. Historic did not violate any duties owed towards Plaintiffs under the provisions
of Texas Transportation Code Section 547.004 since, among other reasons,
Historic was neither the "owner" nor "operator" of the vehicle driven by Rojo.


Because the Johnsons formally abandoned all but the negligent-hiring cause of action, we need
only consider those grounds relevant to that claim. The Johnsons correctly observe that none of
these grounds directly address whether Historic adequately inquired into Arcon's competence.

 Ground F of the motion, however, addresses the issue of Historic's lack of
knowledge of any incompetence by Arcon; such knowledge is an issue that is subsidiary, but
critical to the inquiry element of the negligent-hiring cause of action. See Wasson, 786 S.W.2d
at 422. Though we cannot look beyond the motion to pleadings or proof to infer the grounds of
a summary-judgment motion, we may look at the motion as a whole. See McConnell, 858 S.W.2d
at 342-43. In the discussion under Ground F of the motion, Historic contended it had no
knowledge of Arcon's (and Rojo's) incompetence because there was no evidence of incompetence
to discover. Historic states in the motion, "There is no evidence to show that Historic knew or
should have known that contracting with Arcon was in any way negligent since Arcon had not
shown any acts of incompetence." (Emphasis added.) Although a pure no-evidence motion could
not support a judgment at the time the motion was filed, the emphasized phrase provides the basis
for summary judgment; (1) if Arcon "had not shown any acts of incompetence," Historic was not
negligent for failing to discover nonexistent acts no matter how minimal its inquiry into Arcon's
competence. (2) This aspect of the motion addresses an issue necessary to the negligent-hiring cause
of action--actual incompetence by the party hired. We overrule the sole point of error.


CONCLUSION


 Our conclusion that the text of the motion for summary judgment provided a basis
for the trial court to grant summary judgment against the negligent-hiring cause of action ends our
review. We affirm the judgment.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Jones and B. A. Smith

Affirmed

Filed: February 4, 1999

Do Not Publish
1. The rule allowing no-evidence summary-judgment motions applies to motions filed on or
after September 1, 1997. See Final Approval of Revisions to the Texas Rules of Civil Procedure,
Misc. Docket No. 97-9139, (Tex. Aug. 15, 1997). Historic filed its motion on February 21,
1997. Judgment was rendered May 12, 1997, appeal was perfected on August 8, 1997, and the
trial court's plenary power expired August 25, 1997 before the no-evidence motion was
permissible. The no-evidence basis was not in the motion, could not have been a basis for the
judgment, and cannot support affirmance. See McConnell, 858 S.W.2d at 343.
2. The critical fact is that Arcon did not "show" acts of incompetence; our holding should not
be read to mean that the Johnsons failed to carry a burden of proof to show Arcon incompetent.



ght of control over any part of the work
done by Rojo concerning how Rojo carried out the hauling contract between his
employer and Movant;


 F. Historic was neither the owner of the vehicle used by Rojo nor entrusted that
vehicle to him; and Historic had neither actual nor constructive knowledge of either
Rojo's competence as a driver or the status of his license;


 G. The summary judgment evidence establishes that no joint venture or joint
enterprise existed between Historic and Arcon; and


 H. Historic did not violate any duties owed towards Plaintiffs under the provisions
of Texas Transportation Code Section 547.004 since, among other reasons,
Historic was neither the "owner" nor "operator" of the vehicle driven by Rojo.


Because the Johnsons formally abandoned all but the negligent-hiring cause of action, we need
only consider those grounds relevant to that claim. The Johnsons correctly observe that none of
these grounds directly address whether Historic adequately inquired into Arcon's competence.

 Ground F of the motion, however, addresses the issue of Historic's lack of
knowledge of any incompetence by Arcon; such knowledge is an issue that is subsidiary, but
critical to the inquiry element of the negligent-hiring cause of action. See Wasson, 786 S.W.2d
at 422. Though we cannot look beyond the motion to pleadings or proof to infer the grounds of
a summary-judgment motion, we may look at the motion as a whole. See McConnell, 858 S.W.2d
at 342-43. In the discussion under Ground F of the motion, Historic contended it had no
knowledge of Arcon's (and Rojo's) incompetence because there was no evidence of incompetence
to discover. Historic states in the motion, "There is no evidence to show that Historic knew or
should have known that contracting with Arcon was in any way negligent since Arcon had not
shown any acts of incompetence." (Emphasis added.) Although a pure no-evidence motion could
not support a judgment at the time the motion was filed, the emphasized phrase provides the basis
for summary judgment; (1) if Arcon "had not shown any acts of incompetence," Historic was not
negligent for failing to discover nonexistent acts no matter how minimal its inquiry into Arcon's
competence. (2) This aspect of the motion addresses an issue necessary to the negligent-hiring cause
of action--actual incompetence by the party hired. We overrule the sole point of error.


CONCLUSION


 Our conclusion that the text of the motion for summary judgment provided a basis
for the trial court to grant summary judgment against the negligent-hiring cause of action ends our
review. We affirm the judgment.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Jones and B. A. Smith

Affirmed

Filed: